UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VALMIKI RAMANI,<br><br>                Plaintiff,<br><br>    -against-<br><br>WARNER MUSIC GROUP CORP,<br><br>               Defendant. | 24-CV-7445 (KMW)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

KIMBA M. WOOD, United States District Judge:

Plaintiff, appearing *pro se*, brings this action against Defendant Warner Music Group Corporation ("WMG"), alleging that Defendant wrongfully obtained royalties from a music video that Plaintiff produced. By Order dated October 23, 2024, ECF No. 4, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses this action for lack of subject matter jurisdiction and grants Plaintiff 30 days' leave to file an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] Plaintiff has been barred under 28 U.S.C. § 1651 from filing any new civil action IFP in this court, without first obtaining permission from the court to file. *See Ramani v. Haley*, No. 24-CV-5747 (S.D.N.Y. Nov. 22, 2024) (Swain, C.J.), ECF No. 7. This injunction was issued after Plaintiff filed the instant action.

dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

## BACKGROUND

The following facts are drawn from the complaint.[2] On an unspecified date, Plaintiff, who writes and produces music videos, wrote the song "My Mystery Love," which he "shot . . . in New York City." (Compl., ECF 1 ¶¶ 1, 3.) Plaintiff "wanted an upbeat melody" for his song, and after listening to "a rendition of Secret Love, [he] applied for a license to use the melody written by Sammy Fain," which is "now owned by W.B. Music Corp." (*Id.*) Because Plaintiff "paid for the right to use this melody, . . . the music video 'My Mystery Love' [is his] sole property." (*Id.*)

Plaintiff then uploaded the music video for "My Mystery Love" onto his "channel on Facebook." (*Id.* ¶ 4.) Facebook permitted the song video to be played because "[Plaintiff] had

---

[2] The Court quotes verbatim from the complaint. All spelling, grammar, and punctuation appear as in the complaint, unless noted otherwise.

bought 100 digital downloads [of "Secret Love"]. Facebook never ha[d] . . . permission" to obtain royalties from the video. (*Id.*)

Recently, however, Plaintiff learned that Defendant was wrongfully obtaining royalties from his music video because the video features a song that uses the "Secret Love" melody owned by Defendant. (*Id.* ¶ 5.) Plaintiff had paid a licensing fee to use this melody. (*Id.*) Defendant "monetize[d] [the] video world wide and gave [Plaintiff] 20% of the income." (*Id.* ¶ 6.) Plaintiff contends that Defendant "has no right to take [his] property and exploit it without first getting [his] permission." (*Id.* ¶ 7.) He further contends that Defendant has "no ownership in whole or part of [the] video" and that he "paid them to use the melody of Secret Love." (*Id.*)

Plaintiff claims that Defendant stole his property and "illegally exploited it for financial gain," asserting that it is "guilty of theft." (*Id.*) He seeks $500,000 in money damages.

## DISCUSSION

**A.    The Court lacks subject matter jurisdiction over Plaintiff's claims**

The subject matter jurisdiction of the federal district courts is limited and is set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented, or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Com. Workers Union, Loc. 919, AFL–CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)) (emphasis added); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the

court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative[.]").

### 1. Federal question jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff does not assert that Defendant violated any federal laws. Rather, his claims concern the interpretation of his licensing agreement. Plaintiff appears to allege that his licensing agreement permitted him to use the melody of the song "Secret Love" as a basis for his song "My Mystery Love" and its corresponding music video, without paying any royalties to Defendant, who Plaintiff alleges is the owner of "Secret Love." These allegations suggest that Plaintiff is asserting a state law claim regarding his licensing agreement. The Court lacks federal question jurisdiction over Plaintiff's claims.

### 2. Diversity jurisdiction

To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the state where he is domiciled, which is defined as the place where the individual "has his true fixed home . . . and to

which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* A corporation, however, is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters).

In addition, the plaintiff must allege to a "reasonable probability" that the claim exceeds $75,000, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (internal quotation marks and citation omitted).

Plaintiff states that both he and Defendant reside in the State of New York, which precludes complete diversity of citizenship. (Compl. ¶ 8.) The Court therefore cannot exercise diversity jurisdiction over any state law claims Plaintiff may be asserting.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because the

Court cannot conclude that it would be futile to grant Plaintiff leave to amend his complaint to state facts demonstrating that his claims arise under federal law, the Court grants him 30 days' leave to file an amended complaint.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## REFERRAL TO THE CITY BAR JUSTICE CENTER

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to provide Plaintiff with advice in connection with his case. The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the court (and, among other things, therefore cannot accept filings on behalf of the court, which must still be made by any self-represented party through the Pro Se Intake Unit). Litigants in need of legal assistance should complete the City Bar Justice Center's intake form to make an appointment.

If Plaintiff has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). A flyer from the City Bar Justice Center is attached to this Order.

## CONCLUSION

The Court dismisses Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court grants Plaintiff 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to keep this action open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   June 2, 2025
            New York, New York

                                              /s/ Kimba M. Wood
                                              KIMBA M. WOOD
                                            United States District Judge

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.

- Our online Intake Form is accessible via one of these methods:
    - Scan the QR code to the right.
    - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794,** leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 Consulting on **discovery** matters

 **Interpreting and explaining** federal law and procedure

 Assisting with the **settlement** process (including **mediation**)

 **Reviewing drafted pleadings** and correspondence with the Court