UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALMIKI RAMANI,

                Plaintiff,

    -against-

WARNER MUSIC GROUP CORP,

                Defendant.

24-CV-7445 (KMW)

ORDER

KIMBA M. WOOD, United States District Judge:

      By Order dated June 2, 2025, the Court dismissed this action for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and granted Plaintiff 30 days' leave to file an amended complaint to state facts demonstrating that his claims arise under federal law. On June 23, 2025, Plaintiff filed a document titled "Replead." (ECF No. 7.) On June 26, 2025, the Court again dismissed the action for lack of subject matter jurisdiction, after determining that the "Replead" document did not include any facts demonstrating that the Court can exercise federal question jurisdiction over Plaintiff's claims. (ECF No. 8.)

      On July 28, 2025, Plaintiff filed a letter "requesting a motion package" and appearing to seek reconsideration of the Court's June 26, 2025 Order. (ECF No. 10.) The Court liberally construes Plaintiff's letter as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (stating that the solicitude that courts afford to *pro se* litigants takes a variety of forms, including liberal construction of pleadings, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to

ensure that a *pro se* litigant understands what is required of him" (citations omitted)).  After reviewing the arguments in Plaintiff's letter, the Court denies the motion.

## BACKGROUND

Plaintiff brought this action against Defendant Warner Music Group Corporation ("WMG"), alleging that Defendant wrongfully obtained royalties from a music video he had produced.  In the complaint, Plaintiff alleged that he purchased a license for the song "Secret Love," wrote a song called "My Mystery Love" using Secret Love's melody, filmed a music video for "My Mystery Love," and uploaded the video onto his Facebook channel.  (ECF No. 1 at 1.)  Plaintiff then learned that Defendant was receiving royalties from his music video because Defendant owned the "Secret Love" melody used by Plaintiff in that video.  (*Id.* at 2.)  Plaintiff asserts that because he paid a licensing fee, he had "total ownership of [his] video and no one had the Right to use it for any purpose much more monetizing it."  (*Id.*)

In the June 2, 2025 Order, the Court determined that Plaintiff's claims sounded in contract because the allegations concerned an interpretation of a licensing agreement.  (*See* ECF No. 6 at 4.)  The Court accordingly dismissed the action for lack of subject matter jurisdiction.[1]

In Plaintiff's July 28, 2025 letter, he states that he "wrote the lyrics of My Mystery Love, now in the Library of Congress to be copyrighted" and that he " sang the song to a melody of which [he] purchased a license to use it and shot and made the music video."  (ECF No. 10 at 1.)  Plaintiff attaches to his letter an order from the New York State Supreme Court, Queens County, denying his application requesting waiver of court costs, fees, and expenses.  (*Id.* at 2.)  In

---

[1] According to Plaintiff, both parties reside in New York, thus precluding complete diversity of citizenship.

denying Plaintiff's waiver application, the court appeared to append the statement, "Decline to sign – State courts lack jurisdiction over copyright claims – all copyright claims must be brought in Federal district court – see 28 U.S.C. § 1338."[2] (*Id.* at 3.) Plaintiff does not attach his state court complaint to his July 28, 2025 letter.

## DISCUSSION

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

Even under a liberal interpretation of Plaintiff's motion, the Court finds that Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) applies. Although Plaintiff's July 28, 2025 letter may be construed as claiming that the Court was mistaken when treating this action as a matter of state law, rather than a copyright infringement action, Plaintiff has not stated any facts suggesting that Defendant infringed any copyright. Rather, his letter demonstrates that Plaintiff and Defendant disagree on the terms of Plaintiff's licensing agreement and whether Defendant is entitled to royalties. Put simply, Plaintiff does not allege any facts suggesting that Defendant copied Plaintiff's music video. *See*

---

[2] It is not entirely clear that the state court included this language, or if Plaintiff added the language to his application.

*Spinelli v. Nat'l Football League*, 903 F.3d 185, 197 (2d Cir. 2018) ("To state a claim for copyright infringement, a plaintiff must allege both (1) ownership of a valid copyright and (2) *infringement of the copyright by the defendant*." (internal quotation marks and citation omitted) (emphasis added)). Accordingly, the Court denies the motion under Rule 60(b)'s first five clauses.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "extraordinary circumstances [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (internal quotation marks and citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

The Court denies Plaintiff's motion for reconsideration, brought in his July 28, 2025 letter. (ECF No. 10.). The Clerk of Court is directed to terminate all motions in this action.

This case is closed. No further documents may be filed in this case, except a notice of appeal to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 13, 2025
New York, New York

                                                /s/ Kimba M. Wood
                                                KIMBA M. WOOD
                                        Chief United States District Judge